# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUCILLE SIMPSON, ) | |
| on behalf of herself and a class of others ) | |
| similarly situated, ) | |
| ) | Case No. 13 C 2453 |
| Plaintiff, ) | |
| ) | Honorable Joan B. Gottschall |
| v. ) | |
| ) | |
| SAFEGUARD PROPERTIES, L.L.C., ) | |
| ) | |
| Defendant, ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Lucille Simpson filed a complaint against Safeguard Properties, L.L.C. ("Safeguard") alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). Now before the court is Safeguard's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the court denies the motion.

## I. BACKGROUND

Simpson has a residential mortgage loan with Midland Mortgage Company ("Midland Mortgage"). Simpson received a document from Midland Mortgage (the "notice of default") dated January 10, 2012, stating that Simpson's note and security instrument were in default. The notice of default instructed Simpson that to cure the default, she must pay $4,824.37, the total delinquency amount. The notice of default also listed a telephone number at which Midland

Mortgage loan counselors could be reached. Simpson attached the notice of default as an exhibit to her complaint.

Simpson also attached to the complaint five notes that were left on the door of her home between October 8, 2012, and February 1, 2013. All five notes were identical, and the front of each one read, "IMPORTANT INFORMATION ENCLOSED[.]" The reverse side of each note included the following instructions: "IMPORTANT[,]" "PLEASE CALL[,]" "PLEASE BE READY TO GIVE YOUR ACCOUNT NUMBER[,]" and "WE ARE EXPECTING YOUR CALL TODAY." A phone number was handwritten in a space provided on each note, the same number as the one Midland Mortgage listed for its loan counselors in the notice of default.

In response to the notes, Simpson filed a lawsuit, on behalf of herself and a putative class, alleging that a Safeguard representative left each note while performing "field agent" services for Midland Mortgage and, in so doing, violated three provisions of the FDCPA. Safeguard contends that the complaint alleges facts that preclude Simpson from proving two essential elements in her claim, and that the complaint should therefore be dismissed.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is plausible on its face when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Though the court treats all well-pleaded facts as true and draws all reasonable factual inferences in the plaintiff's favor, *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009), the plaintiff may not rely on conclusory statements, *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

Congress enacted the FDCPA, in part, to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Among other things, the FDCPA regulates communications with consumers in connection with the collection of any debt, prohibiting deceptive practices by and requiring certain disclosures from debt collectors. *Id.* §§ 1692e and 1692g. Section 1692k makes "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person . . . liable to such person." At issue here is whether Simpson has sufficiently pleaded that Safeguard is a debt collector and that the notes left on Simpson's door were communications made in connection with the collection of a debt.

**A. "Debt Collector" Under the FDCPA**

Safeguard first argues that the complaint does not state a claim to which Simpson could be entitled to relief because the factual allegations establish that Safeguard is not a "debt collector" as defined by the FDCPA. The FDCPA defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

*Id.* § 1692a(6). Simpson's allegation that "Safeguard is a debt collector as defined by the FDCPA" is a legal conclusion that is not entitled to the presumption of truth. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To meet the pleading standard, the well-pleaded facts in Simpson's complaint and the reasonable inferences drawn from them must plausibly suggest that Safeguard meets the FDCPA's definition of "debt collector."

Simpson alleges that Safeguard is a limited liability company that markets its services to mortgage companies with delinquent and defaulted borrowers. The complaint further states that Safeguard advertises field services that it provides to its clients, and among these services are

3

communicating with delinquent borrowers on behalf of mortgage companies, contacting mortgagors to request that they call mortgage companies, and reporting back to mortgage companies whether it has made contact with mortgagors and regarding the condition of mortgaged properties. These are well-pleaded factual allegations that the court must accept as true.

Although Simpson does not allege that Safeguard collects or attempts to collect debts on behalf of mortgage companies, entities that contact consumers attempting to facilitate communication with creditors have been found to be "debt collectors." *See Siwulec v. J.M. Adjustment Servs., L.L.C.*, 465 F. App'x 200, 204 (3d Cir. 2012) (holding that field service in which an agent contacts and encourages a debtor to call the creditor is more than "mere messenger service for debt collectors"), *Romine v. Diversified Collection Servs., Inc.*, 155 F.3d 1142, 1149 (9th Cir. 1998) (holding that Western Union's practice of disseminating to creditors telephone numbers that were obtained by eliciting personal responses to telegrams sent to debtors goes "beyond mere information gathering or message delivery"). Safeguard argues that the facts in Simpson's complaint demonstrate that Safeguard is merely a messenger. However, the allegation that Safeguard markets its services to mortgage companies makes it reasonable to infer that Safeguard attempts to regularly facilitate the collection of debts, which the court finds qualifies under § 1692a(6) as "regular[] . . . attempts to collect, . . . indirectly, debts . . . asserted to be owed or due another." Because the court must draw this inference, as it must draw all reasonable inferences in Simpson's favor, it also finds that the complaint sufficiently alleges that Safeguard is a debt collector.

**B. Communications in Connection with the Collection of a Debt**

Generally, the FDCPA restrictions apply to a communication from a debt collector to a debtor only if it is made in connection with the collection of a debt. 15 U.S.C. §§ 1692c and 1692e; *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 382 (7th Cir. 2010). There is no bright-line rule for determining whether a communication initiated by a debt collector qualifies as one made in connection with the collection of a debt. *Gburek*, 614 F.3d at 384. Contrary to Safeguard's contention, Simpson's failure to allege that Safeguard demanded any payment is not dispositive of the issue. Rather, the absence of such a demand is just one factor the court must weigh in determining whether a communication is made in connection with the collection of a debt. *Id.* at 385. The court must also weigh "the nature of the parties' relationship" and "the purpose and context of the communications." *Id*.

In *Gburek*, the court held that a complaint sufficiently alleged that Titanium Solutions, Inc. (Titanium) was a "debt collector," where Titanium sent a letter to the plaintiff regarding mortgage debt the plaintiff owed and requesting information to facilitate settlement of the debt. *Id.* at 386. The court held that in spite of Titanium expressly stating in the letter that it was not authorized to accept any payment from the plaintiff, the allegations that Titanium sent the letter on behalf of the mortgage servicer and for the purpose of encouraging the plaintiff to contact the creditor to discuss debt-settlement options were sufficient to place the communication within the scope of the FDCPA. *Id*. The nature of the relationship between the parties in *Gburek* and the parties here is similar, as are the purpose and context of the communications at issue in each case. Simpson has alleged that Safeguard hung the notes on her door while performing "field agent" services for Midland Mortgage. Given that the notes Safeguard hung instructed Simpson to have her account number ready and call the phone number of Midland Mortgage's loan

5

counselors, it is reasonable to infer that the purpose of the note was to encourage Simpson to contact Midland Mortgage to discuss options to settle her purported debt. This inference is made stronger by the lack of any indication that Safeguard had any relationship with or reason for contacting Simpson beyond its link to Midland Mortgage, Simpson's mortgage servicer.

Neither of the two cases to which Safeguard directs the court's attention is apposite to the facts here. In *Allen v. Chase Home Finance LLC*, in which Safeguard was a defendant, the court dismissed the complaint as to Safeguard because the allegations suggested that Safeguard was "merely following work orders from a Chase Defendant to secure the property and prevent damage to it." No. 10-C-270, 2011 WL 3882814, at *3 (N.D. Ill. Sept. 2, 2011). The court's finding in *Allen* was based on the complaint's allegation that the purpose of Safeguard's communication was to effectuate the Chase Defendants' intention of foreclosing on the house, while Simpson's allegations suggest that Safeguard's purpose was to facilitate Midland Mortgage's goal of collecting a debt. *Bailey v. Security National Servicing Corp.*, in which the Court upheld summary judgment for the defendant on the grounds that the communication in question was not in connection with the collection of a debt, is also distinguishable. 154 F.3d 384 (7th Cir. 1998). In *Bailey*, a loan servicer sent the plaintiff a letter listing the next four payment dates under a forbearance agreement that superseded the plaintiff's original loan agreement, which was in default. *Id.* at 385. In finding that the letter regarding the forbearance agreement was not sent in connection with any debt collection, the court noted that there was no payment past due on the forbearance agreement and that the letter contained only information regarding prospective payment due-dates. *Id.* at 387-88. Given that Simpson did not have a forbearance agreement and Midland Mortgage cited past missed payments in its notice of default, *Bailey* does not control.

Simpson has pleaded facts that, taken as true, plausibly indicate that Safeguard is a "debt collector" and that the notes were communications in connection with the collection of a debt. Although at this time, the court takes no position regarding the merits of Simpson's allegations, it finds that she has sufficiently stated a claim upon which relief can be granted to survive a Rule 12(b)(6) motion.

## IV. CONCLUSION

For the foregoing reasons, Safeguard's motion to dismiss is denied.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED:   June 12, 2013