# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LUCILLE SIMPSON, on behalf of plaintiff and a class, | ) ) ) | |
| Plaintiff, | ) ) | Judge Joan B. Gottschall |
| v. | ) ) | No. 13 CV 2453 |
| SAFEGUARD PROPERTIES, LLC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

On April 2, 2013, Plaintiff Lucille Simpson brought a putative class-action suit against Safeguard Properties, LLC. Simpson alleges that Safeguard is a debt collector within the meaning of the Fair Debt Collection Practices Act (FDCPA) and that Safeguard violated the FDCPA by (1) failing to provide Simpson with notice required under the Act, (2) failing to disclose that Safeguard was attempting to collect a debt, and (3) failing to use its own name in its debt-collection business. Before the court is Simpson's renewed motion for class certification. For the reasons stated below, the court grants the motion.

### I. FACTS

Simpson is a resident of Bolingbrook, Illinois, where she owns and resides in a home subject to a residential mortgage loan held by Midland Mortgage Company. Midland hired Safeguard to perform certain services related to its mortgages. Safeguard describes itself as a "privately held mortgage field services company" that "inspects and maintains defaulted and foreclosed properties for mortgage service companies, lenders, investors, and other financial institutions." (Compl. ¶ 7, ECF No. 1.) Among other services, Safeguard communicates with

delinquent borrowers on behalf of mortgage companies, including Midland. Specifically, Safeguard performs "contact attempt inspections" as part of its "field agent" services. (*Id.* ¶ 17.) These contact attempt inspections are requested by loan servicer's who need to reach borrowers. Safeguard's agents attempt to establish contact with a borrower up to three times when such an inspection is ordered. (*Id.* ¶ 9(b).) Midland asserts that Simpson's loan has been in default since the beginning of 2012, which Simpson disputes.

Beginning in October 2012 and ending in February 2013, at the instruction of Midland, representatives of Safeguard left door hangers on Simpson's door on an approximately monthly basis. (*Id.* ¶¶ 18-23.) These door hangers all contained the same text. The front side reads: "IMPORTANT INFORMATION ENCLOSED." The reverse side contains the phrases "please call," "please be ready to give your account number," and "we are expecting your call today." The reverse side also contains lines for the date, a name, and a telephone number. (*Id.* ¶ 24.) On all of the door hangers left at Simpson's home, Safeguard's representatives wrote the telephone number issued to Midland, and "Customer Service" or "Mid." in the "name" field. (*Id.* ¶ 28.) Simpson alleges that Safeguard's representatives did not identify themselves as representatives of Safeguard, and that she only learned of Safeguard when she complained about its activities to Midland.

In her single-count complaint, Simpson alleges that Safeguard violated 15 U.S.C. § 1692g by failing to provide the notices required by that section. Simpson further alleges that Safeguard violated 15 U.S.C. §§ 1692e(11) and (14) by using deceptive collection practices in connection with collection of a debt.

Simpson also asserts claims on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3). Simpson seeks to define the class as follows:[1] "(a) all natural persons with Illinois addresses (b) that Safeguard contacted at the secured property (c) with a standard door hanger (d) on behalf of Midland (e) on or after April 12, 2012 (one year prior to the filing of this action on April 12, 2013) and (f) on or before May 2, 2013 (20 days after filing this action), (g) where the address of the secured property and the address of the mortgagor were the same." (Pl.'s Reply at 1). Safeguard opposes certification of the class.

## II. LEGAL STANDARD

A plaintiff seeking class certification must demonstrate that the proposed class meets all the requirements of Rule 23(a) of the Federal Rules of Civil Procedure and at least one of the requirements of Rule 23(b). *Williams v. Chartwell Fin. Servs., Ltd.,* 204 F.3d 748, 760 (7th Cir. 2000). A class may be certified only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). To maintain a class action for damages, the court must also find that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

As the party seeking class certification, plaintiffs bear the burden of demonstrating that their proposed class satisfies Rule 23's requirements, "but they need not make that showing to a degree of absolute certainty." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811

---

[1] Simpson offers this definition in her Reply in Support of Renewed Motion for Class Certification. This definition differs from the definition proposed in Plaintiff's original complaint.

3

(7th Cir. 2012). Instead, they must establish that certification is proper based on a preponderance of the evidence. *Id.* When determining if plaintiffs have met this burden, the court "may not simply assume the truth of the matters as asserted by the plaintiff. If there are material factual disputes, the court must 'receive evidence . . . and resolve the disputes before deciding whether to certify the class.'" *Id.* (quoting *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001)).

A court has broad discretion to determine whether the proposed class meets Rule 23 certification requirements. *See Uhl v. Thoroughbred Tech. and Telecomms., Inc.*, 309 F.3d 978, 985 (7th Cir. 2002). Doubts about whether to grant certification are resolved in favor of certification. *Rogers v. Baxter Int'l., Inc.*, No. 04 C 6476, 2006 WL 794734, at *2 (N.D. Ill. Mar. 22, 2006).

### III. ANALYSIS

The parties dispute whether Simpson's proposed class meets the requirements of Rule 23(a) and Rule 23(b)(3). The court concludes that it does.

**A.     Numerosity**

Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Where the class members are at least 40, joinder is generally considered impracticable. *Swanson v. Am. Consumer Indus.*, 415 F.2d 1326, 1333 (7th Cir. 1969). Plaintiff need not allege the exact number or identity of class members. *See Vergara v. Hampton*, 581 F.2d 1281, 1284 (7th Cir. 1978) ("The difficulty in determining the exact number of class members does not preclude class certification."). Where the precise size of the class cannot be known until after complete discovery, the court may still find that the numerosity

requirement is met. *Smith v. Short Term Loans*, No. 99 C 1288, 2001 WL 127303, at *13 (N.D. Ill. Feb. 14, 2001).

In support of her assertion that the class members are so numerous as to render joinder impracticable, Simpson points to a Safeguard executive's statements that Safeguard performed 10,908 "contact-attempt inspections" in Illinois on behalf of Midland. Simpson concedes that this does not necessarily mean that 10,908 door hangers were left on 10,908 separate residences—in short, it does not mean that there are 10,908 class members. But Simpson argues that even if each of the 10,908 contact-attempt inspections were not for 10,908 separate residences, the numerosity requirement is still met. She relies on the assumption that 10,908 contact attempts still represent a class of at least 40 persons, because to assume otherwise would presume an "absurd" number of inspections per class member.

Safeguard argues, however, that because the door hangers can be used either in debt-collection activities or to determine occupancy, the 10,908 figure is not a reliable indicator of the number of unique individuals (as opposed to abandoned properties) that received door hangers. The court finds Safeguard's argument unconvincing. A class of only 40 has been found to satisfy the numerosity requirement. *Swanson*, 415 F.2d at 1333 n.9. Even if, as is likely, the number of individuals who received door hangers is less than 10,908, Safeguard has not offered any evidence that the number of individuals (as opposed to abandoned properties) who received door hangers is not high enough to satisfy numerosity. The 10,908 hangers establish that at least *some* of those involved debt-collection activities. Safeguard has offered no reason for the court to believe that all but 40 (or fewer) of those door hangers were left on abandoned properties. The court can safely assume that the number of individuals who received door hangers satisfies the numerosity requirement, even if the actual number falls short of 10,908. The failure to provide a

precise number does not prevent Simpson from satisfying the numerosity requirement. *See Short Term Loans*, 2002 WL 127303, at *13. According to Safeguard executives, Safeguard's inspectors take pictures of all door hangers left at a property and retain records of whether contact with an individual was established, so this information could likely be established through discovery and a more precise number could be obtained.

Safeguard further argues that the 10,908 door hangers do not establish that a large number of individuals *received* door hangers because some of the door hangers are left on abandoned properties. However, the FDCPA requires only a debt collector to send notice; actual receipt is not required. *See Krawczyk v. Centurion Capital Corp.*, No. 06-C-6273, 2009 WL 395458 at *12 (N.D. Ill. Feb. 18, 2009).

For these reasons, Simpson's proposed class meets the numerosity requirement.

**B.    Commonality**

To satisfy the commonality requirement of Rule 23(a)(2), a plaintiff must show that there are questions of fact or law that are common to all class members. This requirement is usually met where a class's claims arise out of some form of standardized conduct by the defendant. *See, e.g.*, *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) ("Common nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct towards members of the proposed class . . . ."). Plaintiff's claims must "depend upon a common contention" that is "capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, -- U.S. --, 131 S. Ct. 2541, 2551 (2011). The common contention must be such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

Simpson argues that there are two basic questions of law common to all class members in this case: (1) whether Safeguard is a debt collector that is required to comply with the FDCPA

and (2) whether Safeguard's agents violated the FDCPA when they left door hangers at Illinois homes.

Safeguard argues that resolution of these issues will require individualized inquiries. For example, Safeguard points out that § 1692g's notice requirement applies only to "consumers," defined as individuals obligated or allegedly obligated to pay any debt. 15 U.S.C. §§ 1692g; 1692a. If a class member was not "obligated or allegedly obligated to pay any debt," then Safeguard's agents would not have "violated" the FDCPA by leaving a door hanger at his or her home.

Simpson notes that Safeguard would not have left a door hanger at a home had the resident not defaulted on his or her mortgage. Simpson points to deposition testimony by Jason Pruden of Midland, who stated that "getting an inspection referral is an indicator of default." (Reply 6, ECF No. 76.) Thus, there is reason to believe that most of the class members are "consumers" within the meaning of § 1692a.

But more importantly, the existence of potential differences among class members does not change the fact that Simpson has identified common questions of law that will resolve issues "central to the validity of each one of the claims in one stroke." *Wal-*Mart, 131 S. Ct. at 2551; *see also Keele*, 149 F.3d at 594 ("[F]actual variations among class members' grievances do not defeat a class action."). The fact Safeguard may be able to assert defenses against some but not all of the potential class members goes to the typicality requirement of Rule 23(a)(3), not the commonality requirement of Rule 23(a)(2). The claims of all class members revolve around whether Safeguard's practices violated the FDCPA, and thus Simpson has satisfied Rule 23(a)(2)'s commonality requirement.

## C. Typicality

To satisfy the typicality requirement, a plaintiff must show that the "claims or defenses of the representative parties are typical of the claims or defenses of the class . . . ." Fed. R. Civ. P. 23(a)(3). Rule 23(a)(3)'s requirement is "meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (internal quotation marks omitted). "A 'plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Keele*, 149 F.3d at 595 (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). The commonality and typicality requirements tend to merge because "[b]oth serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Wal-Mart*, 131 S. Ct. at 2541 n.5 (internal quotation marks omitted).

In FDCPA cases, courts have held that the emphasis is "on the uniform acts of the defendant toward each individual, not the uniform position of the individual plaintiffs." *Cox v. Sherman Capital LLC*, 295 F.R.D. 207, 213 (S.D. Ind. 2013). In *Cox*, the court held that, assuming plaintiffs could prove that defendants were acting as debt collectors in a sufficiently similar manner, the uniform course of conduct would meet the typicality requirement. *Id*. The court expressly stated that this was true regardless of the validity of the sought-after debt. *Id*. *See also Janetos v. Fulton Friedman & Gullace, LLP*, No. 12 C 1473, 2014 WL 3600518 at *3 (N.D. Ill. July 21, 2014) ("There is no question in this case that the claims in this case are all based on the same 'event or practice or course of conduct,' i.e., a similar letter that FFG sent in regards to

a debt allegedly owed."). Under this analysis, Simpson's claims meet the typicality requirement because the conduct she describes in her class definition – Safeguard's using door hangers to contact individuals – is identical for each putative class member.

Safeguard argues that Simpson's claim is not typical because (1) she herself disputes whether she owes a debt, and (2) her payments made to Midland proximate to receiving the notices may differentiate her from other putative class members. These arguments refer to the requirements that trigger § 1692g. Under § 1692g, a debt collector must furnish additional information regarding the debt to a consumer within five days of the initial communication unless (1) that information is contained in the initial communication or (2) the consumer has paid the debt. However, Safeguard's argument is unpersuasive. In FDCPA cases, the emphasis is on the "uniform acts of the defendant toward each individual" and not the "uniform position of the individual plaintiffs." *Cox*, 295 F.R.D. at 213. It is undisputed that it is Safeguard's uniform practice to leave door hangers during contact attempt inspections. The court finds that this is sufficient to satisfy the typicality requirement.

**D.      Adequacy of Representation**

To satisfy the adequacy-of-representation requirement of Fed. R. Civ. P. 23(a)(4), the purported class representative "must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (internal quotation marks omitted). "Where it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or a small subclass, then the named plaintiff is not a proper class representative." *Koos v. First Nat'l Bank of Peoria*, 496 F.2d 1162, 1164 (7th Cir. 1974). As with commonality and typicality, typicality and adequacy of representation tend to merge. *Wal-Mart*, 131 S. Ct. at 2551 n.5. For the same reasons discussed

in Sections B and C of this opinion, Simpson has satisfied that she is a proper class representative.[2]

**E.     Questions of Law and Fact Common to the Class Predominate**

In addition to the four requirements of Rule 23(a), a plaintiff asking a court to certify a class under Rule 23(b)(3) must show that common questions predominate over those questions affecting only individual members and that a class action is superior to other methods of adjudication. Fed. R. Civ. P. 23(b)(3).

Simpson's first question of law – whether Safeguard is a debt collector that is required to comply with the FDCPA – is a common question capable of class-wide resolution. Although the second question of law – whether Safeguard violated the FDCPA – will inevitably involve some individualized inquiry (*e.g.*, whether the consumer satisfied the debt), the class members' claims all relate to Safeguard's uniform contact toward the class members. Further, a class action is particularly appropriate in FDCPA cases, where it is unlikely that individual litigants would pursue these claims. *See Hughes v. Kore of Indiana Enter., Inc.*, 731 F.3d 672, 675 (7th Cir. 2013) ("The smaller the stakes to each victim of unlawful conduct, the greater the economies of class action treatment and the likelier that the class members will receive some money rather than (without a class action) probably nothing . . . ."). For these reasons, the court finds that Simpson satisfies the predominance requirement as well.

---

[2]     Adequacy of representation also presents a question of adequacy of counsel. *AmChem*, 521 U.S. at 626 n.5. However, as Safeguard does not raise this issue in its motion to deny class certification, and nothing in the briefs suggests this is disputed, this court sees no reason to find that class counsel is inadequate.

## IV. Conclusion

For the reasons set forth above, the court finds that Simpson has satisfied the requirements under Rules 23(a) and 23(b)(3). This court therefore grants Simpson's motion for class certification.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: September 17, 2014