**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LUCILLE SIMPSON on behalf of herself and the class members defined herein, | ) ) ) ) | |
| Plaintiff, | ) ) | 1:13-cv-02453 Honorable Judge Joan B. Gotschall |
| vs. | ) ) | Magistrate Judge Jeffrey Cole |
| SAFEGUARD PROPERTIES LLC | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS**

Lucille Simpson ("Plaintiff"), by her undersigned attorneys, and pursuant to Local Rule 56.1 submits this Statement of Material Facts as to which there is no genuine issue and that entitles plaintiff to judgment as a matter of law:

1. Plaintiff Lucille Simpson is a resident of Bolingbrook, Illinois, where she owns and resides in a home. [Compl. Dkt. 1, ¶4; Lucille Simpson Deposition ("Simpson Dep.")(Exhibit A), 15:12-14]

2. Defendant Safeguard Properties LLC ("Safeguard") is a limited liability company chartered under Delaware law with its principal place of business located at 7887 Safeguard Circle, Valley View, OH 44125. (Answer, Dkt. 41, ¶5)

3. Safeguard does business in Illinois. (Answer, Dkt. 41, ¶5)

4. Safeguard describes itself as a "privately held mortgage field services company" that "inspects and maintains defaulted and foreclosed properties for mortgage service companies, lenders, investors, and other financial institutions." Among the services Safeguard provides to its clients are communicating with delinquent borrowers on behalf of mortgage companies,

1

contacting mortgagors to request they call mortgage companies, and reporting back to mortgage companies whether it has made contact with mortgagors and regarding the condition of mortgaged properties. (Answer, Dkt 41, ¶7)

5. Safeguard markets its services to mortgage companies with delinquent and defaulted borrowers. (Answer, Dkt. 41, ¶¶6-7)

6. Safeguard advertises services that include communicating with delinquent borrowers. (Answer, Dkt. 41, ¶9b)

7. ███████████████████████████████████████████████████████████████████ [Answer, Dkt. 41, ¶9b, First Deposition of Jennifer Jozity ("First Jozity Dep.")(Exhibit B), 11:3-12, 22:9-14]

8. ███████████████████████████████████████████████ ("Chambers Dep.")(Exhibit C), 12:23-13:9; 14:6-9; 14:23-15:1]

9. ███████████████████████████████████████ [First Jozity Dep. 23:1-9; Second Deposition of Jennifer Jozity ("2nd Jozity Dep.")(Exhibit D), 15:1-5]

10. ███████████████████████████████████████ [Field Inspection Manual ("Inspection Manual")( Exhibit E), p. 54]

11. ███████████████████████████████████████████████████████████████ (First Jozity Dep., 15:15-21)

12. Plaintiff has a residential mortgage loan on her home which was serviced by Midland Mortgage Company. (Simpson Dep., 18:17-21; 21:20-22)

13. Midland considered the Simpson loan to be in default beginning in May 2011. (Simpson Dep., 25:23-27:13; 28:9-12; 30:7-31:12, Group Ex. 4)

14. ███████████████████████████████████████████████

███ [Deposition of Jason Pruden ("Midland Dep.")(Exhibit F) 11:10-14]

15. Simpson received a document from Midland Mortgage (the "notice of default") dated January 10, 2012, stating that Simpson's note and security instrument were in default. The notice of default instructed Simpson that to cure the default, she must pay $4,824.37, the total delinquency amount. The notice of default also listed a telephone number at which Midland Mortgage loan counselors could be reached. (Compl., Dkt. 1, Ex. F)(Simpson Dep., 28:19-29:12)

16. Safeguard performed several contact attempt inspections on plaintiffs' home. (Answer, Dkt. 41, ¶¶17, 18, 20-23)(Simpson Dep., 45:5-48:15)

17. Safeguard left five notes that were left on the door of plaintiff's home between October 8, 2012, and February 1, 2013. (Compl., Dkt. 1, Ex. A-E)(Simpson Dep., 45:6-19; 46:20-47:5; 47:11-18; 48:2-5) All five notes were identical, and the front of each one read, "IMPORTANT INFORMATION ENCLOSED[.]" The reverse side of each note included the following instructions: "IMPORTANT[,]" "PLEASE CALL[,]" "PLEASE BE READY TO GIVE YOUR ACCOUNT NUMBER[,]" and "WE ARE EXPECTING YOUR CALL TODAY." (Compl., Dkt 1, Ex. A-E) A phone number was handwritten in a space provided on each note, the same number as the one Midland Mortgage listed for its loan counselors in the notice of default. (Compl., Dkt. 1, Ex. A-E)

18. ███████████████████████████████████████████████████

███████████ (Midland Dep., 20:10-13)

19. ███████████████████████████████████████████████████

███████████████████████████████████████ (Midland Dep., 11:10-14)

20. Five times, Safeguard left a door hanger on plaintiffs' door which included the telephone number and name of Midland Mortgage. (Answer, Dkt. 41, ¶19)

21. The door hanger does not contain disclosures required by 15 U.S.C §1692g or §1692e(11). (Compl., Dkt. 1, Ex. A-E)

22. When plaintiff contacted the number on the doorhanger, she was directed to the general line of the servicer. (Simpson Dep., 35:2-24)

23. ██████████████████████████████████████████████████ [2nd Jozity Dep., 21:18-23; Inspection Manual (Exhibit E), p. 17; Simpson Dep., Ex. 5; 33:10-24; Answer, Dkt. 41, ¶29]

24. ███████████████████████████████████████████████████ ██████ (First Jozity Dep., 22:9-13, 2nd Jozity Dep., 24:22-25:1)

25. Plaintiff was annoyed, harassed and aggravated by the doorhangers left on their door by Safeguard. (Simpson Dep., 55:3-56:13; 57:13-18)

26. ███████████████████████████████████████████████████ ██████████████████████ (First Jozity Dep., 52:22-53:2)

27. ███████████████████████████████████████████████████ ██████████████████████████████████████ (First Jozity Dep., 52:22-53:2)

28. ███████████████████████████████████████████████████ ███████████████████████████████████████████████████

4

███████████████. [Master Property Services Agreement ("MPSA")(Exhibit G); 2nd Jozity Dep., 51:5-8]

29.  ███████████████████████████████████████████████████

███████████████████████████████████████████████████

(Midland Dep., 33:4-11)

30.  ███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████ (Midland Dep., 18:1-24; 34:10-35:14)

31.  ███████████████████████████████████████████████████

███████████████████████ (Midland Dep., 33:18)

32.  ███████████████████████████████████████████████████

███████████████████████████████ [Work Order Updates (Exhibit H); 2nd Jozity Dep., 16:15-17:3]

33.  The Safeguard Field Inspection Manual ███████████████████

███████████████████████████████ (Exhibit E)(Midland Dep., 31:13-21)

34.  Safeguard offers inspection services to Midland that do not include contact. (Answer, Dkt. 41, ¶9a,c)

35.  ███████████████████████████████████████████████████

███████████ (2nd Jozity Dep., 16:13-16)

Respectfully submitted,

 s/ Cathleen M. Combs  
Cathleen M. Combs

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Emiliya Gumin Farbstein
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
20 South Clark Street, 15th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

I, Cathleen M. Combs, hereby certify that on February 20, 2017, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following counsel of record:

Panos T. Topalis
pttopalis@tribler.com

Amy M. Kunzer
amkunzer@tribler.com

                                                   s/ Cathleen M. Combs
                                                   Cathleen M. Combs

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Emiliya Gumin Farbstein
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)